Jaspal SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71384.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2004.*

Decided Aug. 23, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Coun-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

sel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Ann Carroll Varnon, Esq., Susan C. Lynch, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM **

Jaspal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We grant the petition and remand.

We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations under a substantial evidence standard. *See Aguilera–Cota v. U.S. INS,* 914 F.2d 1375, 1381 (9th Cir.1990). "While the substantial evidence standard demands deference to the IJ, we do not accept blindly an IJ's conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed." *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002) (internal quotations omitted).

The adverse credibility determination is not supported by substantial evidence. The IJ ignored Singh's explanations for perceived discrepancies, *see Garrovillas v. INS,* 156 F.3d 1010, 1013–14 (9th Cir. 1998), did not base her findings on evidence in the record, *see Singh v. INS,* 292 F.3d 1017, 1024 (9th Cir.2002), and relied

** This disposition is not appropriate for publication and may not be cited to or by the

on minor inconsistencies that do not go to the heart of Singh's asylum claim, *see Singh v. Ashcroft,* 301 F.3d 1109, 1111–12 (9th Cir.2002).

We therefore remand to the BIA for proceedings consistent with this decision. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANT-ED; REMANDED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.